UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

               -against-                         NOTICE OF MOTION

BOBBY SAUNDERS, et al.,

                                    S4 07 CR 3 (BSJ)

                          Defendants.
---------------------------------------------------------x

       PLEASE TAKE NOTICE, that upon the annexed affirmation and

memorandum of  law of  JOHN BURKE, ESQ., dated the 5th  day of June,  2008,

and upon  the indictment, and all other proceedings here, the defendant, JERMELL

FALZONE,  will move this Court on a day to be determined  by this Court , for an

Order directing.

      1.     A hearing pursuant to F.R.Cr. P. 12 to determine the admissibility of

statements made by JERMELL FALZONE.

Dated:  Brooklyn, New York
        June 5,  2008

                        Yours, etc.,

                        JOHN BURKE
                        Attorney for Defendant
                         JERMELL  FALZONE
                        26 Court Street - Suite 2805
                        Brooklyn, New York   11242
                        (718) 875-3707

TO:   UNITED STATES ATTORNEY
      SOUTHERN  DISTRICT OF NEW YORK
      One St. Andrew's Plaza
      New York, New York   10007

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

               -against-

BOBBY SAUNDERS, et al.,

                     Defendants.
-----------------------------------------------------------x

        AFFIRMATION AND
        MEMORANDUM
        OF LAW

        S4 07  CR 3 (BSJ)

        JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

        That I am the attorney of record for the defendant JERMELL FALZONE and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

        I submit this affirmation and memorandum of law in support the motion to suppress statements  made by defendant JERMELL FALZONE.

## 1. MOTION TO SUPPRESS STATEMENTS

        On May 31, 2007, Jermell Falzone was arrested by Federal Agents and charged with participating in a narcotics conspiracy.  Subsequent to his arrest, Falzone was interrogated by agents and made statements which the Government intends to introduce into evidence at trial.  (See Exhibit A).  The defense requests that these statements be suppressed since they were made in violation of Falzone's right under Miranda v. Arizona, 384 U.S. 436 (1996); and the Fifth and Sixth Amendments of the

United States Constitution.

Falzone's statements to law enforce officials were not voluntary and were not given after a knowing and consensual waiver of his Miranda rights.   Falzone was questioned in a coercive atmosphere, he was threatened with a lengthy prison term and told that if he spoke with authorities he would be released.   He was handcuffed to a wall for a long time before he was interrogated by N.Y.P.D. Detectives.   They told him there would be no Federal charges if he gave them a statement.   Under these circumstances, the psychological coercion and improper promises used by Falzone's interrogators rendered his statements involuntary and inadmissible at trial.  Hutto v. Ross, 429 U.S. 28 (1976); Haynes v. State of Washington, 373 U.S. 503 (1963).

Falzone did not graduate high school and he does not recall the Government agents reading him his Miranda rights prior to his interrogation.   He does not recall signing documents after his arrest (see Exhibit B), and does not remember reading any documents or any agent discussing his Miranda rights with him.

The determination of whether an accused has knowingly and voluntarily waived his Miranda rights depends on the totality of the circumstances.  Fare v. Michael, 442 U.S. 707 at 725 (1979).    The Court may take into consideration a suspect's intelligence, language barriers and experience with the criminal justice system when deciding if any Miranda waiver is knowing and voluntary.  Campaniera v. Reid, 891

2

F.2d 1014 at 1020 (2nd Cir. 1989; <u>United States</u> v. <u>Scarpa</u>, 897 F.2d 63 at 69 (2nd Cir. 1990).

Falzone was nervous, upset and confused during his interrogation.  He was arrested by Federal Agents, interrogated by N.Y.P.D. Detectives and then returned to Federal custody.  In view of the promises made to him and coercive interrogation techniques used, Falzone contends that his post arrest statements were not made after a knowing and voluntary Miranda waiver.   (See Exhibit C, Defendant's affidavit).

WHEREFORE, the defendant respectfully moves for a hearing to determine the admissibility of his post arrest statements, , and for such other and further relief as the Court may deem just and proper.

Dated:   Brooklyn, New York
          June 5, 2008

JOHN BURKE
Attorney for Defendant
 JERMELL FALZONE
26 Court Street - Suite 2805
Brooklyn, New York   11242
(718) 875-3707

3