UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

         -against-                             NOTICE OF MOTION

BOBBY SAUNDERS, et al.,

                                         S4 07 CR 3 (BSJ)

                  Defendants.
------------------------------------------------------------x

    PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of JOHN BURKE, ESQ., dated the 5th day of June, 2008, and upon the indictment, and all other proceedings here, the defendant, JERMELL FALZONE, will move this Court on a day to be determined by this Court, for an Order directing.

    1.    A hearing pursuant to F.R.Cr. P. 12 to determine the admissibility of statements made by JERMELL FALZONE.

Dated:  Brooklyn, New York
          June 5, 2008

                                         Yours, etc.,

                                         JOHN BURKE
                                         Attorney for Defendant
                                          JERMELL FALZONE
                                         26 Court Street - Suite 2805
                                         Brooklyn, New York  11242
                                         (718) 875-3707

TO:   UNITED STATES ATTORNEY
        SOUTHERN DISTRICT OF NEW YORK
        One St. Andrew's Plaza
        New York, New York   10007

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-

BOBBY SAUNDERS, et al.,

                         Defendants.
-------------------------------------------------------------x

AFFIRMATION AND
MEMORANDUM
OF LAW

S4 07 CR 3 (BSJ)

JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

That I am the attorney of record for the defendant JERMELL FALZONE and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

I submit this affirmation and memorandum of law in support the motion to suppress statements made by defendant JERMELL FALZONE.

### 1. MOTION TO SUPPRESS STATEMENTS

On May 31, 2007, Jermell Falzone was arrested by Federal Agents and charged with participating in a narcotics conspiracy. Subsequent to his arrest, Falzone was interrogated by agents and made statements which the Government intends to introduce into evidence at trial. (See Exhibit A). The defense requests that these statements be suppressed since they were made in violation of Falzone's right under Miranda v. Arizona, 384 U.S. 436 (1996); and the Fifth and Sixth Amendments of the

United States Constitution.

Falzone's statements to law enforce officials were not voluntary and were not given after a knowing and consensual waiver of his Miranda rights. Falzone was questioned in a coercive atmosphere, he was threatened with a lengthy prison term and told that if he spoke with authorities he would be released. He was handcuffed to a wall for a long time before he was interrogated by N.Y.P.D. Detectives. They told him there would be no Federal charges if he gave them a statement. Under these circumstances, the psychological coercion and improper promises used by Falzone's interrogators rendered his statements involuntary and inadmissible at trial. Hutto v. Ross, 429 U.S. 28 (1976); Haynes v. State of Washington, 373 U.S. 503 (1963).

Falzone did not graduate high school and he does not recall the Government agents reading him his Miranda rights prior to his interrogation. He does not recall signing documents after his arrest (see Exhibit B), and does not remember reading any documents or any agent discussing his Miranda rights with him.

The determination of whether an accused has knowingly and voluntarily waived his Miranda rights depends on the totality of the circumstances. Fare v. Michael, 442 U.S. 707 at 725 (1979). The Court may take into consideration a suspect's intelligence, language barriers and experience with the criminal justice system when deciding if any Miranda waiver is knowing and voluntary. Campaniera v. Reid, 891

F.2d 1014 at 1020 (2nd Cir. 1989; United States v. Scarpa, 897 F.2d 63 at 69 (2nd Cir. 1990).

Falzone was nervous, upset and confused during his interrogation. He was arrested by Federal Agents, interrogated by N.Y.P.D. Detectives and then returned to Federal custody. In view of the promises made to him and coercive interrogation techniques used, Falzone contends that his post arrest statements were not made after a knowing and voluntary Miranda waiver. (See Exhibit C, Defendant's affidavit).

WHEREFORE, the defendant respectfully moves for a hearing to determine the admissibility of his post arrest statements, , and for such other and further relief as the Court may deem just and proper.

Dated:   Brooklyn, New York
        June 5, 2008

                              JOHN BURKE
                              Attorney for Defendant
                               JERMELL FALZONE
                              26 Court Street - Suite 2805
                              Brooklyn, New York   11242
                              (718) 875-3707